UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARDS CLEARVIEW, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1709** |
| **BED BATH & BEYOND, INC.** | **SECTION "L" (4)** |

### ORDER & REASONS

Pending before the Court is Plaintiff Richard Clearview, LLC's Motion to Maintain Summary Proceeding and For Expedited Trial Date. R. Doc. 8. Defendant Bed Bath & Beyond, Inc. opposes the motion. R. Doc. 11. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.  **BACKGROUND**

This case involves the removal of a summary eviction proceedings initiated in the 24th Judicial District Court for the Parish of Jefferson by Plaintiff Richards Clearview, L.L.C., ("Landlord") the owner of a shopping mall located at 4436 Veterans Memorial Boulevard, Louisiana, against its tenant, Bed Bath & Beyond, Inc. ("BB&B"). Landlord's eviction petition alleges that BB&B has failed to pay amounts due under the lease, presently totaling $88,974.96, as BB&B paid only a portion of rent for April 2020 and no rent for May 2020. R. Doc. 1-1 ¶ 4.

This eviction proceeding stems from the alleged withholding of rent payments in light of the ongoing global outbreak of COVID-19. On March 22, 2020, Governor Jon Bel Edwards issued Emergency Proclamation Number 33 JBE, implementing certain safety measures related to the

pandemic, including the closure of "all malls, except for stores in a mall that have a direct outdoor entrance and exit that provide essential services and products." R. Doc. 16 ¶ 10. Landlord contends that on March 31, 2020, BB&B's Vice President of Real Estate sent a form letter to Landlord, advising that it "will continue . . . to make available essential [] products to customers who need items urgently," it remains "financially stable," and "are paying landlords 20% of what would have been regularly paid for Rent for April and . . . requesting that all late fees and interest be waived." *Id.* ¶ 12. BB&B thereafter tendered payment of a portion of April rent and none of its May rent, allegedly "in a blatant default of its obligations under its lease." *Id.* at ¶ 4.

On May 5, 2020, Landlord sent a notice of default to BB&B demanding payment of amounts past-due. *Id.* ¶ 24. Receiving no payments from BB&B, Landlord sent a notice terminating the lease effective May 26, 2020 and demanding that BB&B vacate the premises, which BB&B ignored. *Id.* ¶¶ 27, 30.

Landlord takes the position that the reduction in and withholding of rent was unjustified because BB&B was not required to close as a result of the Governor's executive orders in response to COVID-19 and, at all times pertinent, continued to operate its business from the Leased Premises, fulfilling online orders and offering curbside delivery. *Id.* ¶¶ 9-11. Further, Landlord argues the situation caused by COVID-19 does not constitute a force majeure event justifying the withholding of rent under the Lease's terms. *Id.* ¶ 20.

Based on the foregoing factual allegations, Landlord requests that the Court order BB&B to show cause why it should not be evicted and ordered to deliver possession of the premises, and that "this order be set with preference and in an expedited manner because [Plaintiff] is unable to lease the Leased Premises to another tenant." *Id.* ¶ 33.

BB&B answered the complaint on July 8, 2020, generally denying Landlord's allegations and presenting a different view of the background facts. R. Doc. 16. BB&B explains that as a result of Governor John Bel Edwards' Emergency Proclamation, the BB&B store at issue was closed from March 23 through June 5, 2020. *Id*. at ¶ 7. The store offered limited curb-side pickup beginning on May 1, 2020. *Id*. at 12 n. 1. BB&B requested a temporary rent reduction and waiver of late fees and interest from Landlord as a result of the closure. R. Doc. 16 at ¶ 9.

Believing that the Lease's force majeure clause excused it from paying rent for the relevant period, BB&B paid partial rent for April, which Landlord accepted.[1] *Id*. at ¶ 10. On May 5, Landlord issued a default notice based on the deficiency in the April payment. *Id*. On May 15, 2020, Landlord sent a letter to BB&B revoking the standard ACH deposit method that had been used for years and directing BB&B to mail payments to a different address. BB&B says this disruption "imped[ed] BB&B's payment of rent in the normal, ordinary, and routine course of business." *Id*. ¶ 11. Nevertheless, on June 1, BB&B paid the residual rent for April and full rent for May and June, "thereby curing any alleged deficiencies and bringing the account current." *Id.* ¶ 12. Landlord, however, refused payment of the tendered amount on three occasions. *Id*. ¶ 13–17.

BB&B removed the matter from state court to federal court on June 12, 2020, on the grounds of diversity jurisdiction. R. Doc. 1. In its answer, BB&B asserts fourteen affirmative defenses, including failure to state a claim, application of the doctrine of confirmation and/or ratification, the existence of a superseding, intervening, or force majeure event, and the doctrine of unclean hands. R. Doc. 16 at 1–4. BB&B also raises a counterclaim against Landlord, asking this Court to declare that the COVID-19 pandemic was a force majeure incident under the terms

---

[1] BB&B claims that "[t]he 74-day closure of the Leased Premises to the public due to the COVID-19 pandemic and the Governor's closure order(s) constitutes an event of force majeure and extended the period of time under the Lease and Amended Lease for BB&B to pay rent and cure any alleged default." R. Doc. 16 ¶ 19.

of the Lease, that BB&B has satisfied its obligations under the Lease, and that the Lease remains in full effect. R. Doc. 16 at 10.

## II. PRESENT MOTION

### A. Plaintiff Clearview's Motion to Maintain Summary Proceeding and For Expedited Trial Date [R. Doc. 8]

This case was initially filed in state court pursuant to Louisiana Code of Civil Procedure art. 4701, *et seq*, which govern eviction procedures and provide for summary proceedings and expedited hearings. R. Doc. 8. Landlord has filed a motion seeking to maintain the summary proceeding schedule it would have been entitled to in state court, arguing that the Fifth Circuit has authorized courts to limit the application of the Federal Rules of Civil Procedure in certain situations where a party would be entitled to summary proceedings in state court that are not available in a federal forum. *Id*. Specifically, Landlord argues "strict application of the Federal Rules of Civil Procedure and their requisite formalities would abridge [Landlord's] substantive rights under both the lease at issue and under Louisiana law, simultaneously prolonging determination of [Landlord's] right to possession of the property at issue, as well as [BB&B's] ability to possess that property," and "[h]ad [BB&B] not removed to this Court, this matter would have been heard and decided already." R. Doc. 8-2.

### B. Defendant Bed, Bath, and Beyond, Inc.'s Opposition [R. Doc. 11]

Defendant BB&B has filed an opposition, indicating that it has no problem utilizing a summary procedure as set forth in the "applicable Federal Rules." R. Doc. 11 at 1 (emphasis omitted). BB&B takes the position that the applicable federal rules "afford Landlord the same expedient resolution it seeks with its instant motion, without having to abrogate Article III of the United States Constitution and the Rules Enabling Act." *Id*.

With respect to the legal issue before the Court—whether Plaintiff is entitled to summary proceedings consistent with those available in state court—BB&B contends Landlord's request to have a summary trial as if this was a state court proceeding is unnecessary, impermissible, and unwarranted. *Id*. at 6. First, BB&B argues that if Landlord wants a summary proceeding, it can file for summary judgment at any time. *Id*. at 6–7. Second, BB&B contends a summary eviction proceeding is not available under the Federal Rules of Civil Procedure. *Id*. at 7–8. Further, BB&B recognizes that in certain circumstances, the federal rules should be limited to allow "state-created special statutory proceedings" but notes that "this is not one of those circumstances" because here, Landlord is not trying to limit the application of the Federal Rules but bypass them altogether. Third, BB&B argues employing state-court eviction procedures is unwarranted given the fact that "Landlord has been paid in full and will continue to be paid for the duration of the lease through 2023." *Id*. at 10.

### C. Landlord's Reply [R. Doc. 14-2]

Landlord has filed a reply, arguing that BB&B's opposition fails to acknowledge that other courts in this district have provided parties with the same rights they would be entitled to in state court summary proceedings. R. Doc. 14-2 at 2. Additionally, Landlord sets forth its own rendition of the disputed facts in this case. Specifically, Landlord argues BB&B only tendered payment in full after this matter was filed in state court, at which time Landlord was under no obligation to accept the untimely payment. R. Doc. 14-2 at 4. Landlord contends this matter is not premised on BB&B's refusal to pay rent, but merely its failure to do so in a timely manner. R. Doc. 14-2 at 4.

### III. LAW & ANALYSIS

Generally, a federal court sitting in diversity applies substantive state law and federal procedural rules. *Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir. 1985) (citing *Hanna v.*

5

*Plumer*, 380 U.S. 460, 85 (1965)). In certain situations, however, a federal court may limit the application of the Federal Rules of Civil Procedure in favor of state procedures governing special statutory proceedings. The issue before the Court is whether the instant eviction proceeding is one of these situations.

"Under Louisiana law, summary eviction proceedings involve the single issue of whether the owner is entitled to possession of the premises." *A. Levet Properties P'ship v. Bank One, N.A.*, No. CIV.A. 03-1373, 2003 WL 21715010, at *2 (E.D. La. July 21, 2003). To facilitate that narrow inquiry, the Louisiana Code of Civil Procedure sets forth certain procedures governing eviction proceedings that lack federal counterparts. For example, under Louisiana law, a tenant whose right to possess the property ceases may be given only five days to vacate the premises, at which point a lessor may initiate eviction proceedings. La. Code Civ. P. art. 4701. A tenant's failure to comply with an eviction notice "may cause the lessee . . . to be cited *summarily* by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner." *Id*. art. 4731(A) (emphasis added). Evictions are summary proceedings, id. art. 2592, which do not require an answer, *id*. art. 2593, and "shall be tried by preference over ordinary proceedings," *id*. art. 2595. A tenant has twenty-four hours from a decision in the lessor's favor to vacate the premises or appeal the decision. *Id*. art. 4733. In sum, these procedural rules "found in La. C. Civ. P. Art. 4701, *et seq*., . . . [are] designed to expedite the removal of the lessee from the property." *Cavender Enter. Leasing Family, LLC v. Regions Bank*, No. CIV.A. 11-573, 2012 WL 1566282, at *6 (W.D. La. Apr. 30, 2012). Essentially, a summary eviction proceeding is "tantamount to a rule to show cause why the defendants should not be ordered to deliver possession of the premises to the lessor." *Perino v. Collins Pipeline Co.*, 1 F. Supp. 2d 594, 595 (E.D. La. 1998).

Although a federal court exercising diversity jurisdiction typically applies federal procedural rules, "the Federal Rules of Civil Procedure are frequently applied less strictly in special statutory proceedings, where strict application of the rules would frustrate the statutory purpose." *Weems v. McCloud*, 619 F.2d 1081, 1094 (5th Cir. 1980). For example, in *Weems v. McCloud*, the Fifth Circuit considered whether a federal court had subject matter jurisdiction over a summary confirmation proceeding involving nonjudicial foreclosure sales. *Id.* at 1804. In holding that subject matter jurisdiction existed, the court emphasized that although a confirmation proceeding is "summary in nature" and involves special procedural rules that did not exist in ordinary court proceedings, it was nevertheless a "suit of a civil nature at common law of in equity." *Id.* at 1805, 1085–90. Additionally, the *Weems* court upheld the district court's decision to strike the debtor's compulsory counterclaims raised in accordance with Federal Rule of Civil Procedure 13. In deciding to limit the application of the Federal Rules of Civil Procedure in this manner, the court explained that the summary proceeding was "designed to provide an immediate judicial evaluation of the fairness of nonjudicial sales" and was "tailored" to address that "limited issue, without the encumbrance of other disputes between the parties." *Id.* The court reasoned that allowing the debtor to assert counterclaims would cause a delay and convert the summary proceeding into a plenary trial, denying the creditor his statutory right to a quick determination and "radically chang[ing] the character and purpose of the special proceeding." *Id.* In sum, under *Weems,* federal courts may limit the application of the Federal Rules of Civil Procedure "when [adherence] would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action." *Id.*

The Court applies *Weems* to the instant matter and will accordingly adhere to Louisiana's summary procedures. Had this case remained in state court, Landlord would have been entitled to

7

certain statutory procedures, outlined above, that would have narrowed the issues before the court and facilitated the expeditious resolution of the matter. In fact, the matter would have already been adjudicated and decided but for BB&B's removal.[2] Strict adherence to the Federal Rules of Evidence would, in this case, frustrate the purpose of Louisiana's summary eviction proceedings by requiring the Court to consider counterclaims and requiring the parties to conduct discovery and motion practice before trying the case many months from now. In sum, adherence to the Federal Rules of Civil Procedure would invariably abridge Landlord's right to have a judicial determination of its right to re-possess the property decided in a prompt manner. Additionally, as another federal district court in this state has noted, abandoning state summary procedures could promote forum shopping by incentivizing defendants to remove matters to federal court in order to "take advantage of the considerable delays which the federal litigation would afford." *Goldman Sachs Bank USA v. Moreno*, No. CIV.A. 15-2018, 2015 WL 5519407, at *4 (W.D. La. Sept. 15, 2015) (quoting *Weems*, 619 F.2d at 1097 n. 38) (holding that a creditor was entitled to maintain summary executory proceedings where application of the federal rules would convert the proceeding into a plenary trial and modify plaintiff's substantive right to the speedy sale of his encumbered property); *see also McDowell v. Perkinelmer Las, Inc.*, 369 F. Supp. 2d 839, 847 (M.D. La. 2005) (holding that violations of the Louisiana Wage Penalty Statute were entitled to summary proceedings and expediting the trial date accordingly); *Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) (holding the assertion of compulsory counterclaims

---

[2] Under Louisiana Code of Civil Procedure article 4732(B), "the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner" if the court concludes the lessor is entitled to such relief. Prior to removal, this matter was set for hearing on June 24, 2020 at 9:30 a.m. R. Doc. 8-2 at 2.

under Federal Rule of Civil Procedure 13 was inapplicable because it abridged lender's substantive right to elect expedited foreclosure proceedings in the event of default available under state law).

To the extent BB&B argues an expedited process is unnecessary because either party can file a motion for summary judgment at any time, R. Doc. 11 at 7, the Court simply disagrees. State court summary procedures would entitle Landlord to a hearing as soon as three days after service of a rule to show cause why BB&B "should not be ordered to deliver possession of the premises" to Landlord, La. Code Civ. P. art. 4371, and an "immediate[] judgment of eviction" if Landlord is entitled to such relief. *Id*. art. 4732. In contrast, civil trials in this Court typically occur many months after filing and would involve a larger scope of issues than the sole question of whether Landlord is entitled to repossess the premises. Further, it is clear that motions for summary judgment at this time would not provide a speedy resolution to this case, as the parties' briefs indicate that a number of facts are disputed, such as whether, and to what extent BB&B could operate its business under the emergency proclamation, whether Landlord is entitled to disputed interest payments, whether Landlord has been paid in full, and whether the force majeure clause excused any late payments.[3] To the extent BB&B argues summary proceedings are unwarranted because Landlord has been paid in full, the Court notes this factual issue will be relevant to the underlying proceedings themselves, but not to the decision of what procedure should apply.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Maintain Summary Proceedings and Expedited Trial is **GRANTED**.

---

[3] It appears as though the most significant question is whether BB&B's June 1st payment for April, May, and June rent was timely. Landlord argues rent is due on the first of the month, but BB&B contends the mall's closure and ongoing global pandemic extended payment times under the Lease's force majeure clause. R. Doc. 16 ¶ 19.

**IT IS FURTHER ORDERED** that the parties participate in a telephone status conference on Monday, July 20, 2020 at 8:30 a.m. to discuss the scope and schedule of this litigation.

New Orleans, Louisiana this 13th day of July, 2020.

_____<br>
Eldon E. Fallon<br>
United States District Judge